FILED

2011 Mar-30  PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHATTEM ELIZABETH HITCHCOCK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 5:09-CV-2600-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff Chattem E. Hitchcock ("Ms. Hitchcock") brings this action pursuant to 42 U.S.C. § 1614(a)(3)(A) of the Social Security Act.  She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Secretary"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1]  Ms. Hitchcock timely

---

[1]    In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI under the Social Security Act.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

pursued and exhausted her administrative remedies available before the Commissioner.  The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Hitchcock was 30 years of age at the time of the hearing before the administrative law judge (hereinafter "ALJ").  (Tr. 34).  She has attended some college, stating that she "was in college about halfway."  (Tr. 34).  She has previously worked as cashier, fast food worker, waitress, customer service representative, and a file clerk.  (Tr. 58-59, 134-141).

Ms. Hitchcock claims that she has been unable to work since September 29, 2006, because of headaches, fatigue, body stiffness, tingling and needlelike sensations when sitting, cramped hands, depression, and chronic pain in her neck, back, middle back, lower back, hips, knees, feet, shoulders, hands.  (Tr. 39-41, 93).  Ms. Hitchcock testified that she had problems maintaining a sitting posture for the length of an average workday:

> It would cause my back to be in severe pain as well as my neck and my shoulders.  My hands would stiffen up and cramp from constantly typing.  My knees and my legs, my knees would hurt and like pop when I would move them and they'd be really stiff and when I'd go to get up,

---

[2]  42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

> it would feel like I was like an 80 year old person trying to get up out of
> a chair and my feet would go to sleep and come back constantly and it's
> like when your feet have been asleep so long and they come back and
> it's literally painful for it to come back a lot.

(Tr. 41).

Ms. Hitchcock testified that she cares for her two children, aged 10 and 4, during the day.  (Tr. 38).  She stated that she does some of the cooking and the household chores.  (Tr. 28).  Ms. Hitchcock has a valid driver's license and drives a minivan.  (Tr. 38-39).

Ms. Hitchcock protectively applied for DIB and SSI on March 7, 2007.  (Tr. 9).  This application was denied by the Commissioner on May 22, 2007.  (Tr.75).  Ms. Hitchcock filed a written request for a hearing by an ALJ on July 2, 2007.  (Tr. 80).  A video hearing was held on January 6, 2009.  (Tr. 9).  The ALJ subsequently denied Ms. Hitchcock's application on February 19, 2009.  (Tr. 20).  On February 23, 2009, Ms. Hitchcock filed a request for review of the ALJ's decision.  (Tr. 4).  The Appeals Council denied her application for review on October 30, 2009.  (Tr. 1).

Ms. Hitchcock filed a complaint with this court on December 29, 2009, asking for a judicial review of the ALJ's decision.  (Doc. 1).  On May 14, 2010, Ms. Hitchcock filed a brief (doc. 10) in support of her appeal, and on May 27, 2010, the Commissioner followed with his responsive brief (doc. 11).  This court has carefully

considered the record and, for the reasons stated below, reverses the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disability" as the

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through February 17, 2011.

4

"inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)    whether the claimant is currently employed;
(2)    whether the claimant has a severe impairment;
(3)    whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4)    whether the claimant can perform her past work; and
(5)    whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled

if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner must further show that such work exists in the national economy in significant numbers. *Phillips*, 357 F.3d at 1239.

## FINDINGS OF THE ADMINISTRATIVE LAW JUDGE

The ALJ concluded that Ms. Hitchcock has not engaged in substantial gainful activity after the alleged onset of her disability on September 29, 2006.  (Tr. 11). Thus, the claimant satisfied step one of the five-step test.  20 C.F.R. § 404.1520(b).

Under step two, the ALJ found that Ms. Hitchcock has the following severe impairment: obesity, depression, and fibromyalgia.  (Tr. 11).  Accordingly, the ALJ concluded that Ms. Hitchcock satisfied the second step of the sequential disability evaluative process.  20 C.F.R. § 404.1520(c).

At step three, the ALJ determined that Ms. Hitchcock did not have an impairment or a group of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 13).

The ALJ then evaluated Ms. Hithchcock's residual functional capacity ("RFC") at step four, and the claimant was found to have:

6

[T]he residual functional capacity to perform medium work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can occasionally lift and carry fifty pounds. She can stand and/or walk about 6 hours during an eight-hour workday and sit about six hours during an eight-hour workday. Pushing and pulling can be performed without limitation. The claimant can perform occasional climbing of ladders, ropes and scaffolds and can climb ramps and stairs on a frequent basis. She can also perform balancing, stooping, kneeling, crouching and crawling on a frequent basis. For safety reasons, the claimant cannot operate hazardous machinery, work around unprotected heights, perform commercial driving or work around large bodies of water. The claimant complained of depression and the claimant is capable of understanding, remembering and carrying out simple instructions over an eight-hour workday with routine breaks and contact with co-workers, supervisors and the general public should be casual and non-confrontational. Changes in the work place should be introduced slowly.

(Tr. 14).[4] Relying on the testimony of the vocational expert, the ALJ concluded that claimant was capable of performing past relevant work as a file clerk. (Tr. 19). The ALJ also found that, in the alternative, claimant could perform work as a photo copy operator, ticket marker, and film processor. (Tr. 20). Accordingly, the ALJ concluded Ms. Hitchcock was not disabled as defined by the Social Security Act, and denied her DIB claim. (Tr. 20).

---

[4] The Regulations give the following definition for medium work: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

## ANALYSIS

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)). In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review. *See id.* ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a determination that proper legal principles have been followed mandates reversal.") (citations omitted). In particular, this court has a "responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added).

In this appeal, Ms. Hitchcock primarily contends that the ALJ erred in relying on the State Agency medical consultants' opinions. (Doc. 10 at 6-7). The court turns to the inconsistent statements in the State agency physical RFC, which the ALJ incorporated in his RFC and agrees with Ms. Hitchcock that, under the circumstances of her case, the ALJ committed reversible error.[5]

---

[5] As a result, the court does not reach the merits of Ms. Hitchcock's Eleventh Circuit Pain Standard argument or any other issues presented on appeal.

I.     **IN LIGHT OF THE INSUFFICIENT ASSESSMENT OF STATE AGENCY MEDICAL CONSULTANTS, THE ALJ'S PHYSICAL RFC DETERMINATION THAT MS. HITCHCOCK CAN PERFORM A REDUCED RANGE OF MEDIUM WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

In finding that Ms. Hitchcock can perform a reduced range of medium work, the ALJ agreed with and gave significant weight to the State agency medical consultants. (Tr. 19). Consistent with giving them significant weight, the ALJ included in his RFC all of the limitations expressed by the State agency RFC. (Tr. 14, 299-303). The court has studied the State agency RFC and concludes, for the reasons stated below that it does not substantially support the ALJ's physical RFC determination.

The State agency RFC was completed by G. Hampton Smith, M.D. on May 9, 2007. (Tr. 306). Dr. Smith noted that an examining source statement regarding the claimant's physical capacities was in the claimant's file and that there were examining source conclusions which were significantly different from his findings. (Tr. 3 05). The examining source, Dr. John Lary, M.D., had concluded that Ms. Hitchcock's ability to sit, stand, and walk for extended periods of time, lift, carry, bend, and squat is impaired by chronic pain complaint and that her ability to write for extended periods of time or to manipulate small objects might be impaired due to recurrent carpal tunnel syndrome symptoms. (Tr. 305). Dr. Smith noted that he had

reviewed these statements and taken them under consideration, but had given little weight to Dr. Lary's conclusions, which Dr. Smith described as "suggestions." (Tr. 305). Dr. Smith gave <u>no reason</u> for giving little weight to Dr. Lary's "suggestions," although the assessment form instructed him that, "[i]f there are treating/examining source conclusions about the claimant's limitations or restrictions which are significantly different from [Dr. Smith's] findings[,] . . . <u>explain why these conclusions are not supported by the evidence in the file</u>." (Tr. 305) (emphasis added).

In his decision, the ALJ stated that he had considered and given some weight to the opinion of Dr. Lary as he opined that Ms. Hitchcock's ability to reach, see, hear, speak, and understand is unimpaired. (Tr. 19). The ALJ stated that he included these findings in the RFC. (Tr. 19). However, because the ALJ assigned significant weight to the State agency medical consultants and included all the limitations expressed by the State agency medical consultants in the RFC, the ALJ improperly carried forward Dr. Smith's insufficient assessment of Dr. Lary's conclusions. *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. Sept. 1981)("As a general rule, where the rights of individuals are affected, an agency must follow its own procedure.").[6]

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Dr. Smith's assignment of "little weight" to Dr. Lary's conclusions must be further explored at the administrative level.

**II.   IN LIGHT OF THE INCONSISTENCIES IN THE STATE AGENCY RFC, THE ALJ'S PHYSICAL RFC DETERMINATION THAT MS. HITCHCOCK CAN PERFORM A REDUCED RANGE OF MEDIUM WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

Dr. Lary examined Ms. Hitchcock on May 11, 2007.  (Tr. 308).  Although Dr. Smith stated that he had reviewed Dr. Lary's report, the State agency RFC was dated two days <u>prior</u> to Dr. Lary's examination of Ms. Hitchcock.  This discrepancy is not discussed in the ALJ's decision.   The Commissioner argues, while noting the inconsistency in the dates of the reports, that it is clear that Dr. Smith reviewed Dr. Lary's report and, therefore, Dr. Smith's report is not invalid.  (Doc. 11 at 8). However, it is unclear to this court how Dr. Smith could have taken into account Dr. Lary's report prior to making his own recommendations on the claimant's limitations if Dr. Lary had not yet examined Ms. Hitchcock nor written his report.   Such inconsistency must be further explored at the administrative level considering the significant weight the ALJ assigned to the State agency medical consultants and the inclusion of all the limitations expressed by the State agency RFC in the RFC.

<u>CONCLUSION</u>

Based upon the court's evaluation of the evidence in the record and the

submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

      **DONE** and **ORDERED** this the 30th day of March, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

12